UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE GARCIA ESTRADA | § | |
| | § | |
| VS. | § | C.A. NO. C-04-687 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

**ORDER STRIKING COMPLAINTS**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed two complaints in this action, which are virtually identical with the principal exception that one lacks a certificate of service. (D.E. 50, 51).

This Court has ordered that "[n]o amendments or supplements to the complaint will be filed without prior court approval. A complete amended complaint will be attached to any motion to amend." (D.E. 12, at 2). Furthermore, the first complaint, (D.E. 50), lacks a certificate of service. This Court has also ordered that "every pleading, motion, or other document shall include on the original a signed certificate stating that the date a true and correct copy of the pleading, motion, or document was mailed and to whom mailed." (D.E. 17, at 2). Plaintiff has failed to comply with either of these orders.

Although it is termed a complaint, plaintiff also appears to be seeking the recusal of the below signed magistrate judge. (D.E. 51, at 1-2) (plaintiff "moves for the U.S. Magistrate Judge (Brian Owsley) to recuse himself under 28 U.S.C. § 455 (a) and (b), and or may judge owsely [sic] disqualify himself–because a conflict of interest (gave) gives rise to an appearance of impropriety"). Plaintiff seemingly makes this motion for recusal because the below signed magistrate judge "has failed, willingly to compel the court clerk and U.S. District Clerk(s) to correct mistakes and errors, and seek the process of service upon the defendants–directly

involved–in the suit at dispute." Id. at 3; see also, e.g., id. at 5, 6, 7. To the extent that plaintiff is seeking the below signed magistrate judge recuse himself from this action, such a request is without a basis. As the Supreme Court has explained, "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); accord United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997) (quoting Liteky); United States v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992) ("adverse rulings in a case are not an adequate basis for demanding recusal"). Instead, as the Fifth Circuit has indicated, "the judge's rulings should constitute grounds for appeal, not for recusal." Landerman, 109 F.3d at 1066 (citing Liteky, 510 U.S. at 555).

Accordingly, as complaints, (D.E. 50, 51), are hereby STRUCK. To the extent that one of the complaints, (D.E. 51), can be read as a motion for recusal, it is hereby DENIED.

ORDERED this 8th day of November 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE