IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE GARCIA ESTRADA<br>    TDCJ-CID #835624 | §<br>§<br>§ | |
| v. | § | C.A. NO. C-04-687 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION ON A
MOTION FOR LEAVE TO FILE APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND A TEMPORARY RESTRAINING ORDER**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending are plaintiff's "Motion for Leave to File Application for a Temporary Restraining Order" and "Motion for Temporary Restraining Order." (D.E. 83, 85). For the reasons stated herein, it is respectfully recommended that plaintiff's motions be denied.

### I. JURISDICTION

Jurisdiction in this action is based on federal question pursuant to 28 U.S.C. § 1331.

### II. PROCEDURAL HISTORY

Plaintiff, a Texas state prisoner proceeding pro se, filed this civil rights action on December 22, 2004, alleging, inter alia, retaliation and denial of access to the courts against certain McConnell Unit officers and officials. (D.E. 1). A

Spears[1] hearing was held on November 1, 2005, at which plaintiff provided more details about his claims.  He testified that, over the last year and a-half, defendants have denied him access to the courts by tampering with his legal mail, denying him legal visits and access to the law library, denying him supplies, and charging him for supplies that he did not receive.  He also testified that defendants failed to investigate his claims concerning mail tampering and denial of access to the law library.  He stated that defendants were motivated to violate his constitutional right of access to the courts in retaliation for his challenging his underlying conviction and for assisting other inmates with their legal matters.  Finally, he alleged that Assistant Warden Elaine Kennedy was deliberately indifferent to his serious medical needs when she prohibited him from having "keep-on-person" medications.

    A final judgment as to certain claims and defendants was entered on December 5, 2005.  (D.E. 62).  The Court retained plaintiff's retaliation claim against Officer David Diaz and his denial of access to court claims against Officer Diaz and Elizabeth Moore.  (D.E. 62).  His remaining claims against the other defendants were dismissed.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

**A. Plaintiff's First Motion For Injunctive Relief.**

On November 3, 2005 plaintiff filed a motion for writ of prohibition and injunctive relief, (D.E. 52, at 2), in which he complained that defendants confiscated his legal materials in an "unreasonable and arbitrary, or culpable corporate malfeasance [manner]." He further complained, as he did at the Spears hearing, that defendants have confiscated eighty-five percent of his legal papers for no valid reason, in violation of the rules and regulations promulgated by the Texas Department of Criminal Justice ("TDCJ").

In a previous motion for a preliminary and permanent injunction and a writ of prohibition, plaintiff made a number of new claims and listed a number of new defendants. See generally (D.E. 52). For example, he alleged that Joe Martinez and Mike Martinez are librarians who are incompetent and co-conspirators in the plot to deny plaintiff access to the law library. He claimed that Warden Massey failed to provide prior notice or any explanation of why he ordered plaintiff's legal property be seized. He asserted that Warden Paul Morales and Assistant Warden Crites knew about and condoned sadistic practices employed by McConnell Unit guards. He claimed that Ms. Martinez failed to investigate his claims and that Mr. Rodriguez failed to investigate his complaint about his medication. He asserted that Dr. Woodcroft delayed providing him medical care. He stated that Ms. Puentes engaged in activities that violated his constitutional rights. He also

claimed that Ms. Smith staged an examination to silence him. None of these defendants have previously been addressed by plaintiff in either his complaint or at the Spears hearing. See (D.E. 55).

On December 5, 2005, plaintiff's motion for writ of prohibition and injunctive relief, (D.E. 52), was denied. (D.E. 60). His motion for injunctive relief was denied because it was directed, in part, at persons who are not defendants in this case, and over whom the court has no jurisdiction. Additionally, it concerned claims that had not been pleaded or screened pursuant to 28 U.S.C. § 1915A, and although plaintiff alleged that prison officials were hindering his ability to prosecute his various lawsuits, there was no evidence that he had been hindered in this action.

**B. Plaintiff's Second Motion For Injunctive Relief.**

On May 19, 2006, plaintiff filed a motion for an order to show cause, motion for temporary restraining order, and motion for preliminary injunction, (D.E. 78), in which he claimed that Doug Dretke, a former defendant, caused him to be in imminent danger of serious bodily harm by encouraging and then pressuring inmates to participate in criminal activity. He also complained that Warden Morales, another former defendant, participated by encouraging the criminal activity. He stated that he was the victim of medical negligence or deliberate indifference to proper medical care or treatment by defendants. He claimed that

4

the food was unsuitable and insufficient. In addition, he stated that Warden Morales' filing of inaccurate documents in requesting his transfer to another unit led to the denial of such request, that he disregarded plaintiff's life endangerment calls for protective detention, and that he responded to investigations by Ms. Daniels and Ms. Dills of the Texas Citizens United for Rehabilitation of Errants in a deceitful manner.

Plaintiff raised new claims that Assistant Warden Jackson deceived his family, that an unidentified official paid Officer Diaz and Warden Morales to obstruct justice, and that Captain Castro punished him for trying to avoid an altercation with an inmate who may have had a weapon. He also asserted that Mr. Moreno and Mr. Olivera of Safe Prisons did not fulfill their duty to investigate his claims against prison officers. In addition, he raised a claim against Major Fernandez, Captain Castro, Captain Nelson, Assistant Warden Jackson and Warden Morales for aiding and abetting in Officer Diaz's unlawful federal mail tamperings. Lastly, he stated various new claims against Officer Diaz. He alleged that Officer Diaz failed to segregate an inmate who displayed a violent pattern of behavior, failed to accept his request to be put back on black restriction, failed to assign his cases to safe prisons since his first life endangerment situation, aided and abetted in criminal activity encouraged by other officers, was deliberately indifferent concerning attempted assaults on plaintiff that were brought to his attention, and

was unwilling to perform a "human decency authority" to stop the unlawful risk of harm to plaintiff. These new claims failed because they had not been pleaded or screened pursuant to 28 U.S.C. § 1915A, were directed against people who are not defendants in this case, or over whom the court has no jurisdiction.

Furthermore, plaintiff complained that he was subjected to a constant threat of violation and constant and persistent pervasive risk of harm. He claimed that the risk of harm resulted from the wardens and majors' failure to grant his request to be held in protective detention. His situation regarding protective detention was being reviewed by the TDCJ-CID Offender Correspondence Office and D. Stump, Admin. Tech II.

As in a previous motion, (D.E. 52), he complained that defendants denied him access to the courts by unlawfully tampering with and destroying his legal mail, and denying him access to legal and correspondence materials. (D.E. 78, at 2). He identified Officer Diaz as primarily responsible for the unlawful mail tampering because he is "the gatekeeper of all (our) legal and personal mails." (D.E. 78, at 9). The Office of Inspector General Investigative Division, a state agency, has allegedly commenced an investigation into complaints concerning tampering with legal mail at the McConnell Unit. (D.E. 78, at 2). He also claimed to be a victim of retaliation by Officer Diaz and Elizabeth Moore in that they denied him access to legal and correspondence materials for assisting prisoners

with their legal work.  (D.E. 78, at 10).

On June 29, 2006, a memorandum and recommendation was issued, which recommended that plaintiff's motion for an order to show cause, motion for temporary restraining order, and motion for preliminary injunction, (D.E. 78), be denied.  (D.E. 88).  Regarding his motion for a temporary restraining order, denial was recommended because he failed to meet the requirements set out in Rule 65(b) of the Federal Rules of Civil Procedure.  Id. at 7-8.  Specifically, he failed to provide specific facts which clearly indicate that he will suffer "immediate and irreparable" harm before a hearing can be held, or to provide reasons in support of his claim that notice to the opposing parties should not be required.

Concerning plaintiff's motion for preliminary injunction, a denial was recommended for failure to meet the requirements set out in Rule 65(a) of the Federal Rules of Civil Procedure.  As in his previous motion, (D.E. 52), he directed the motion in part to persons who were not defendants in the case, raised claims that had not been pleaded or screened pursuant to 28 U.S.C. § 1915A, provided no evidence that he had been hindered in this action, and failed to show that he had suffered an actual injury.

**C.  Plaintiff's Third Motion For Injunctive Relief**

In plaintiff's pending motion for leave to file and motion for a temporary restraining order, (D.E. 83, 85), he repeats the claims made against Officer Diaz

and Elizabeth Moore in earlier filings.  See, e.g., (D.E. 78, at 2).  He complains that respondents abused their power by retaliating against him, thus preventing him from exercising his constitutional rights.  He adds that respondents denied him meaningful access to the courts.  (D.E. 85, at 3).

Plaintiff also asserts that the top policymakers of the TDCJ-CID, Brad Livingston, Doug Dretke, Paul Morales, Richard Crites, Jr., Norris Jackson, and Daniel Fernandez should be added as parties for their involvement in the acts committed by Officer Diaz and Ms. Moore.  He claims that they "acted under color of state law, in their executive capacities, violating clearly established laws, when they conspired and/or furthered the initial plot to subject him to subject [him] to a pervasive risk of danger, an imminent danger of serious physical injury and/or an unconstitutional atmosphere of threat and danger."  (D.E. 85, at 2).  In addition, he argues that they engaged in unconstitutional policy, that constitutes a custom or usage calculated to cause him serious injury, harm, or death.  Id.

### III.  DISCUSSION

A temporary restraining order "should be restricted to serving [the] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).  Under Rule 65(b) of the Federal Rules of Civil Procedure,

> [a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Royal Ins. Co. v. Quinn-L Capital Corp., 3 F.3d 877, 885 n.5 (5th Cir. 1993) (quoting Fed. R. Civ. P. 65(b)).

It is respectfully recommended that plaintiff's motion fails to warrant such an extraordinary remedy. First, he fails to provide specific facts which clearly indicate that he will suffer "immediate and irreparable" harm before a hearing can be held. Though he identifies denial of access to the courts as the immediate and irreparable harm that he will suffer, his numerous and lengthy filings with the Court demonstrate he has access to the courts.

In addition, plaintiff fails to provide support for his claim that notice to the opposing parties should not be required. Instead, he asserts that respondents receive copies of his claims because they have submitted to the Court's jurisdiction. However, he offers no case law to support his argument for circumventing Rule 65(b). Accordingly, it is respectfully recommended that plaintiff's motion for a temporary restraining order be denied.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion for leave to file application for a temporary restraining order and a temporary restraining order, (D.E. 83, 85), be denied.

Respectfully submitted this 3rd day of July 2006.

```
_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE
```

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).