IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE GARCIA ESTRADA § | |
| § | |
| v. § | C.A. NO. C-04-687 |
| § | |
| DOUG DRETKE, ET AL. § | |

**ORDER DENYING PLAINTIFF'S MOTION
TO PROCEED IN FORMA PAUPERIS AS MOOT**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion to proceed in forma pauperis. (D.E. 84). He characterizes this motion as an "Affidavit Of Inability To Pay Costs." Id.

First, plaintiff relies on subsection (a) of 28 U.S.C. § 1915 in support of his motion. That subsection specifically states

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to

> filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a). Next, he relies on subsection (b), which states

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
> 	(A) the average monthly deposits to the prisoner's account; or
> 	(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b). Finally, he raises subsection (e), which establishes that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e).

Plaintiff sought leave to proceed in forma pauperis in this action. (D.E. 8). An initial partial filing fee and collection order was issued. (D.E. 12). To the extent that he seeks appointed counsel, that request has already been denied. (D.E. 87).

It is noteworthy that plaintiff's motion does not include a current six-month

inmate trust account statement. Nonetheless, he has been allowed to proceed without paying the filing fee.

Accordingly, plaintiff's motion to proceed in forma pauperis, (D.E. 84), is denied as moot.

ORDERED this 3rd day of July 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE