IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOE GARCIA ESTRADA                    §
                                      §
v.                                    §          C.A. NO. C-04-687
                                      §
DOUG DRETKE, ET AL.                   §

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Pending is plaintiff's motion to amend his complaint, a motion to add new defendants, and a

motion to supplement.  (D.E. 102).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely

given when justice so requires."  Fed. R. Civ. P. 15(a).  Determining when justice requires

permission to amend rests within the discretion of the trial court.  Zenith Radio Corp. v.

Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Nilsen v. City of Moss Point, Miss., 621

F.2d 117, 122 (5th Cir. 1980).  In exercising its discretion in considering a motion to amend a

complaint, the district court may consider, among other factors, undue delay, dilatory motive on

the part of the movant, and undue prejudice to the opposing party by virtue of allowing the

amendment.  Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1024 (Former 5th Cir. Unit A

Nov. 1981).

On April 21, 2005, plaintiff filed a motion to amend his complaint.  (D.E. 15).  On April

29, 2005, that motion was granted.  (D.E. 16).  On June 14, 2005, defendants filed an answer to

the amended complaint.  (D.E. 30).  On November 1, 2005, plaintiff filed a complaint without

leave of the Court.  (D.E. 50).  On November 3, 2005, plaintiff again filed a complaint without

leave of the Court.  (D.E. 51).  These complaints were struck.  (D.E. 54).

At this point in time, plaintiff's action only consists of a retaliation claim against Officer David Diaz and his denial of access to court claims against Officer Diaz and Elizabeth Moore. (D.E. 55, at 16); (D.E. 61); (D.E. 62).  Plaintiff's motion addresses a number of complaints unrelated to these claims.  See generally (D.E. 102).

The time is long past for plaintiff to amend his complaint.  Indeed, defendants have filed for leave to file a motion for summary judgment out of time.  (D.E. 99).  Plaintiff's response in opposition to this motion is due no later than August 24, 2006.  Furthermore, it would be prejudicial to defendants to add new claims or defendants in the form of an amended complaint. See Daves, 661 F.2d at 1024.

Accordingly, plaintiff's motion to amend his complaint, (D.E. 102), is DENIED.[1]

ORDERED this 8th day of August 2006.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] If plaintiff believes that he has new claims, then he may file a separate, new action.