IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE GARCIA ESTRADA       TDCJ-CID #835624 | § § § | |
| v. | § § | C.A. NO. C-04-687 |
| DOUG DRETKE, ET AL. | § | |

## ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is petitioner's motion to correct and amend the writ of habeas corpus. (D.E. 119).

## BACKGROUND

Plaintiff, a Texas state prisoner proceeding pro se, filed this civil rights action on December 22, 2004, alleging, inter alia, retaliation and denial of access to the courts against certain McConnell Unit officers and officials. (D.E. 1). A Spears[1] hearing was held on November 1, 2005, at which plaintiff provided more details about his claims. He testified that, over the last year and a-half, defendants have denied him access to the courts by tampering with his legal mail, denying him legal visits and access to the law library, denying him supplies, and charging him for supplies that he did not receive. He also testified that defendants failed to investigate his claims concerning mail tampering and denial of access to the law library. He stated that defendants were motivated to violate his constitutional right of access to the courts in retaliation for his challenging his underlying conviction and for assisting other inmates with their legal matters. Finally, he alleged that Assistant Warden Elaine Kennedy was deliberately indifferent to his serious medical needs when she prohibited him from having "keep-on-person"

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

medications.

A final judgment as to certain claims and defendants was entered on December 5, 2005. (D.E. 62). The Court retained plaintiff's retaliation claim against Officer David Diaz and his denial of access to court claims against Officer Diaz and Elizabeth Moore. Id. His remaining claims against the other defendants were dismissed. Id.

## DISCUSSION

Plaintiff's pending motion references a habeas action. Given the claims that plaintiff has asserted and the relief that he seeks, see generally (D.E. 55), this action is not a habeas petition. See Preiser v. Rodriguez, 411 U.S. 474, 500 (1973) (appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release).

Accordingly, petitioner's motion to correct and amend the writ of habeas corpus, (D.E. 119), is hereby DENIED.

ORDERED this 5th day of December 2006.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

2