IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE GARCIA ESTRADA<br>    TDCJ-CID #835624 | §<br>§<br>§ | |
| VS. | § | C.A. NO. C-04-687 |
| DOUG DRETKE, ET AL. | §<br>§<br>§ | |

**ORDER DENYING PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff Joe Garcia Estrada ("Estrada") has filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.E. 131). For the reasons stated herein, Estrada's Rule 59(e) motion is DENIED.

## I. BACKGROUND

On December 22, 2004, Estrada filed a civil rights complaint alleging a number of claims against numerous TDCJ-CID and McConnell Unit officers and officials. (D.E. 1). Following an evidentiary hearing, certain of Estrada's claims against certain defendants were dismissed; however, the Court retained Estrada's denial of access to the courts claim against Elizabeth Moore and David Diaz, and his retaliation claim against David Diaz. (See D.E. 55, 61, 62).

On August 4, 2006, defendants filed their motion for summary judgment. (D.E. 100). On September 26, 2006, Estrada filed his response in opposition. (D.E. 112). By Memorandum and Recommendation entered January 9, 2007, it was recommended that defendants' motion for summary judgment be granted, and that Estrada's claims be dismissed with prejudice. (D.E. 122). Estrada did not file objections to the recommendation. On March 8, 2007, the Court adopted the recommendation and entered final judgment dismissing Estrada's claims. (D.E. 129, 130).

## II. DISCUSSION

**A.     Rule 59(e)**.

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000).   In this case, final judgment was entered on March 8, 2007.  (D.E. 130). Estrada executed the instant "motion to vacate order adopting memorandum and recommendation," on March 13, 2007,  (D.E. 131 at 8), that is the earliest date he could have placed it in the prison mail system, and it is deemed filed as of that date. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998). As such, Estrada's motion challenging the Court's final judgment was filed within ten (10) days of the date of entry of the final judgment and is considered properly as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.      "A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002).  A judgment may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law exists; (2) the movant uncovered new evidence that was reasonably unknown prior to the entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted).  When entertaining a motion to reconsider, the court may also consider; (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625 626 n. 1 (S.D. Miss 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

**B.   Analysis.**

In his motion for new trial, Estrada first argues that he was never sent a copy of the Memorandum and Recommendation. (D.E. 131 at 1-2). He complains that a return receipt card should have been sent with the recommendation to evidence his receipt of the pleading, and had there been one, he would have signed it and mailed it back. (Id.)

According to the Court's docket, Estrada was mailed a copy of the recommendation on January 9, 2007, together with a receipt card. (See D.E. 122). The return receipt card was not received back by the Clerk's Officer, however, the recommendation was not returned as undeliverable.

"Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." Beck v. Sommerset Technologies, Inc., 882 F.2d 993, 996 (5th Cir. 1989). However, even if Estrada did not receive a copy of the recommendation, he is not prejudiced because the Court now considers his arguments.

Estrada argues that the Court erred in dismissing his claims of denial of access to the courts and retaliation against Officer David Diaz.[1] (D.E. 131). He states, as he did in his summary judgment response, that Officer Diaz caused him to lose two state court lawsuits, and also, that Officer Diaz "obstructed justice." However, Estrada offers no new evidence, facts, or arguments for the Court's

---

[1] Plaintiff does not raise objections to the dismissal of his denial of access to the courts claim against Elizabeth Moore.

3

consideration. He does not dispute the finding that the dismissal of the two state court cases occurred well before Officer Diaz' alleged mail tampering, such that his actions could not have prejudiced those proceedings. In fact, at the time Officer Diaz inspected the package from Estrada's family, Estrada did not have any federal action pending in the Southern District of Texas. Although given the opportunity to do so, Estrada has failed to explain what possible non-frivolous action he could have had pending in state court: he had exhausted his state appeals and state habeas claims. The right of access to the courts extends only to legitimate lawsuits challenging sentences or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 356 (1996); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). There are no grounds to vacate the summary judgment in Officer Diaz' favor concerning the denial of access to courts claim.

Further, Estrada has failed to raise any grounds sufficient to set aside the judgment on his retaliation claim against Officer Diaz. As noted in the recommendation, Estrada's litigation history revealed that his criminal appeal and collateral attacks were resolved well before his claims against Officer Diaz arose. Moreover, he failed to explain why his pursuit of an appeal would motivate Officer Diaz to retaliate. He does not argue that Officer Diaz had a personal stake in the criminal action, or even that he and Officer Diaz had a history of conflict between them. Estrada failed to offer a chronology of events from which retaliation could be inferred, and offers no new facts or arguments in his Rule 59(e) motion.

For these reasons, Estrada's Rule 59(e) motion for relief is in all things DENIED.

SIGNED this 28th day of March, 2007.

_____
Janis Graham Jack
United States District Judge