IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE GARCIA ESTRADA | § | |
|    TDCJ-CID #835624 | § | |
| | § | |
| v. | § | C.A. NO. C-04-687 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

## ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for leave to file an amended complaint. (D.E. 140).

### BACKGROUND

Plaintiff, a Texas state prisoner proceeding pro se, filed this civil rights action on December 22, 2004, alleging, inter alia, retaliation and denial of access to the courts against certain McConnell Unit officers and officials. (D.E. 1). A Spears[1] hearing was held on November 1, 2005, at which plaintiff provided more details about his claims. He testified that, over the last year and a-half, defendants have denied him access to the courts by tampering with his legal mail, denying him legal visits and access to the law library, denying him supplies, and charging him for supplies that he did not receive. He also testified that defendants failed to investigate his claims concerning mail tampering and denial of access to the law library. He stated that defendants were motivated to violate his constitutional right of access to the courts in retaliation for his challenging his underlying conviction and for assisting other inmates with their legal matters. Finally, he alleged that Assistant Warden Elaine Kennedy was deliberately indifferent to his serious medical needs when she prohibited him from having "keep-on-person"

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

medications.

On April 21, 2005, plaintiff filed a motion to amend his complaint. (D.E. 15). That motion was granted. (D.E. 16). On April 29, 2005, an order for service of process was issued. (D.E. 17). On June 14, 2005, defendants filed an answer to plaintiff's complaint. (D.E. 30).

A final judgment as to certain claims and defendants was entered on December 5, 2005. (D.E. 62). The Court retained plaintiff's retaliation claim against Officer David Diaz and his denial of access to court claims against Officer Diaz and Elizabeth Moore. Id. His remaining claims against the other defendants were dismissed. Id. On March 8, 2007, the Court dismissed all of plaintiff's remaining claims and entered final judgment. (D.E. 129, 130).

Since the entrance of final judgment, plaintiff has filed several motions to vacate and reinstate his action. (D.E. 131, 133, 138). These motions have all been denied. (D.E. 132, 134, 139).

## DISCUSSION

Plaintiff's pending motion to amend comes about ten months after final judgment was entered in this action. Plaintiff has already amended his complaint once. See Fed. R. Civ. P. 15(a). Moreover, Rule 15(b) is inapplicable as there was no trial in this action. See Fed. R. Civ. P. 15(b).

After final judgment has been entered, it would be improper to grant plaintiff's motion for leave to amend his complaint. See Helm v. Resolution Trust Corp., 84 F.3d 874, 879 (7th Cir. 1996). The final judgment is an obstacle that makes plaintiff's pending motion futile. See Steinmetz v. Toyota Motor Credit Corp., 963 F. Supp. 1294, 1307 (E.D.N.Y. 1997).

Accordingly, plaintiff's motion for leave to file an amended complaint, (D.E. 140), is hereby DENIED.

ORDERED this 22nd day of January 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE